**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Merlin Padilla Martinez,** | |
| **Plaintiff,** | **1:25-cv-08159 (DEH) (SDA)** |
| **-against-** | **ORDER** |
| **Alta Material Handling, et al.,** | |
| **Defendants.** | |

**STEWART D. AARON, United States Magistrate Judge:**

The Court is in receipt of a "Status Report" from Defendant alone addressed to District Judge Ho[1] (ECF No. 46), and two Letter Motions from Plaintiff addressed to "Magistrate Stewart D. Aaron" (ECF Nos. 47 & 48), all dated April 30, 2026. The parties are in violation of the Court's Order of February 24, 2026, which required the parties to file a "joint letter on April 30, 2026 regarding the status of discovery." (ECF No. 34.) It is unacceptable that attorneys admitted to practice before this Court are unable to agree on the contents of a joint letter to the Court. Going forward, when a joint letter is required by Order of the Court, the Court expects that a joint letter will be filed.

It also is unacceptable that the parties cannot agree regarding the scheduling of depositions and inspections. The Federal Rules of Civil Procedure must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To that end,

---

[1] Defendant shall address future correspondence regarding general pretrial matters to Magistrate Judge Aaron, rather than District Judge Ho. Judge Ho referred general pretrial matters to Judge Aaron. (*See* Order of Ref., ECF No. 20.)

attorneys who practice before this Court "are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to the scheduling and timing of various discovery procedures." Local Civ. R. 26.4(a). Cooperation and courtesy are important during the discovery phase of a case because the Court expects the parties to plan and manage discovery with minimal judicial intervention. *See Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009) ("[T]he courts would grind to a halt if it became necessary to intervene constantly in discovery disputes[.]").

Turning to Plaintiff's Letter Motions for a discovery conference, those motions are DENIED. Both the Federal Rules of Civil Procedure and the Individual Practices of this Court require the parties to confer in good faith (*see* Fed. R. Civ. P. 37(a)(1); Judge Aaron Individual Practice II.A.), which the Court finds has not occurred here. Moreover, Plaintiff's Letter Motions do not, as required by the Court's Individual Practices, clearly delineate the parties' positions as to each discovery issue being raised. (*See* Judge Aaron Individual Practice II.B.) This requirement is not satisfied "by submitting copies of correspondence between counsel." (*See id*.)

It is hereby ORDERED that, within seven days of the date of this Order, the parties meet and confer in person or by a virtual meeting (not simply a telephone call) to seek to resolve the disputes between them. Unless complete agreement has been reached on all issues, such meeting shall not be less than 30 minutes in length. To guide the parties' discussions, the Court makes the following observations:

1)      Under Rule 26(d), "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." Fed. R. Civ. P. 26(d).

2)      The parties are required to comply with all requirements of the Federal Rules of Civil Procedure, including with respect to the written discovery process. Informal emails, rather than written requests or responses, do not suffice. Formal discovery requests, responses and objections must be signed by counsel and such signature carries with it a certification, a violation of which can result in the imposition of sanctions. *See* Fed. R. Civ. P. 26(g).

In the unlikely event that the parties are not able to fully resolve their disputes, then the party seeking discovery may file a Letter Motion that is in full compliance with the Court's Individual Practices.

The parties shall file a **JOINT** letter regarding the status of discovery on June 1, 2026.

**SO ORDERED.**

Dated:      New York, New York
            May 1, 2026

_____
STEWART D. AARON
United States Magistrate Judge

3